The Chicago and Alton Railroad Company

*v.*

The People *ex rel.* Daniel O'Connell.

*Filed at Ottawa April 1, 1895.*

1. TAXES—*objection to tax must specify particular cause.* An objection to a school tax must, under chapter 120, section 191, of the Revised Statutes, specify, in writing, the particular cause of objection.

2. SCHOOLS—*tax for school purposes cannot exceed two per cent.* An amount extended as a tax for school purposes in excess of two per cent must be abated, under the statute providing that no more than two per cent for educational purposes, on the valuation of the last assessment, can be legally levied, although the certificate of the directors may require more than such per cent.

3. SAME—*erroneous certificate by directors does not invalidate school tax.* A certificate of school directors to the township treasurer for the purpose of the extension of a school tax, that $2 on each $100 for teaching, and $1.50 on each $100 for building and repairs, on the taxable property of the district, is required for the year, though improper, as not giving the *amount* of revenue required, states, in effect, how much money must be raised, and will not invalidate the tax to the amount of the two per cent allowed by law.

4. SAME—*certificate of directors does not govern county clerk.* While the directors' certificate is the basis of a school tax, and essential to its validity, the amount fixed, if it exceeds the statutory limits, does not necessarily control the county clerk in extending the tax.

APPEAL from the County Court of Grundy county; the Hon. ALVA R. JORDAN, Judge, presiding.

GEORGE S. HOUSE, for appellant:

The tax certificate required by section 2, article 8, of the School law, is jurisdictional. Such certificate constitutes the foundation of all school taxes. *Weber* v. *Railway Co.* 108 Ill. 456.

The statutory limit for school or educational purposes is two per cent, and for building purposes is three per cent, on the valuation, to be ascertained by the last assessment for State and county taxes. Any tax levy in excess of this rate, as to such excess, is null and void. *Railroad Co.* v. *People,* 147 Ill. 196.

S. C. STOUGH, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This was a proceeding in the court below, at its May term, 1894, to obtain judgment against the property of appellant for delinquent special school taxes for the year 1893. The school districts interested were Union District No. 7, in townships 32 and 33, range 8, and districts Nos. 3, 4 and 8, in township 32, range 8. The amount claimed to be due and unpaid in favor of each of these districts was a balance to No. 7 of $73.89; a balance to No. 3 of $63.30; to No. 4 the whole tax, $1481.31; and to No. 8 the whole tax, $701.95. Appellant filed objections to each of these claims, which were overruled and judgment entered accordingly. Objector appeals.

These taxes were levied under the provisions of article 8 of the School law of 1889. (3 Starr & Curtis, 1194.) Section 1 of that article empowers school directors to

levy a tax, annually, for educational and building pur-
poses upon the taxable property of their district, but
provides that such tax shall not exceed two per cent for
educational purposes and three per cent for building
purposes, on the valuation of such property, to be ascer-
tained by the last assessment for State and county taxes.
Section 2 is as follows : "The directors of each district
shall ascertain, as near as practicable, annually, how
much money must be raised by special tax for school
purposes during the ensuing year, which amount shall be
certified and returned to the township treasurer on or
before the first Tuesday in August, annually.  The cer-
tificate of the directors may be in the following form, viz."
(Here follows a blank form.)  Section 5 provides : "Ac-
cording to the amount certified, as aforesaid, the county
clerk, when making out the tax books for the collector,
shall compute each taxable person's tax, in said district,
upon the total amount of taxable property, as equalized
by the State Board of Equalization for that year, lying
and being in said district, whether belonging to residents
or non-residents, and also each and every tract of land
assessed by the assessor which lies, or the largest part
of which lies, in said district."

To the amount claimed for district No. 7 the objection
filed was, the assessment was "for school purposes only,
the said sum above named being in excess of the amount
by law authorized to be raised and assessed."  This ob-
jection was not sustained by the proof.  The tax was
not "assessed for school purposes only," but for both
school and building purposes.  The proof shows that,
being levied for both, the amount was not in excess of the
amount authorized by law.  Two certificates for school
tax were filed by the directors of that district.  One
dated July 22, 1893, and filed in the county clerk's office
August 8, 1893, and the other dated July 24, 1893, and
filed in the county clerk's office August 14, 1893.  The
first required $855 for school *"and building purposes,"* with-

out stating how much was needed for either purpose, and the other $800 for school purposes alone. The county clerk testified that he treated the first as requiring $855 for school purposes and the other $800 for building purposes, and computed the tax according to the aggregate amount, $1655. It is insisted the first certificate was void, because it failed to state how much of the $855 was required for school purposes and how much for building purposes, and therefore the county clerk had no authority for extending a tax for any portion of that amount. Whether the position is well taken or not, it is clear the question is not properly presented by the objection filed. It could only be raised by specifying, in writing, that particular cause of objection. (Rev. Stat. sec. 191, chap. 120.) "When objections are made, the trial is only upon the points thus raised, the presumption being that all else is admitted to be correct and free from objection." *Karnes* v. *People ex rel.* 73 Ill. 274.

The objection filed to the tax for district No. 3 is, the said sum is "in excess, to that extent, of the amount to be assessed upon the school tax certificate filed." The directors' certificate for that district was in the form given in section 2, article 8, of the School law of 1889, requiring $1800 for school purposes and $1000 for building purposes. It is admitted that two per cent on the taxable property of the district for the current year would only have raised the sum of $1648.48, but the whole amount, $1800, was levied, the result being that appellant's property in that district was taxed $63.30 more than it would have been if but two per cent had been levied. The county clerk computed the tax on the whole amount required by the certificate, viz., $2800, and it is contended, on behalf of relator, that inasmuch as that amount did not exceed the per cent which could be lawfully levied for both purposes, (two per cent for school and three per cent for building purposes,) the levy was not unlawful. It is said the county clerk properly com-

puted the tax on the whole amount required; that it is not his duty, under section 5 of the statute, to make his computation on the amounts separately. Conceding that to be true, the amount extended for school purposes being more than two per cent, the excess must be abated. By the express terms of the statute no more than two per cent for educational purposes on the valuation of the last assessment could be legally levied. Although the directors' certificate may require more than the per cent allowed by statute, the tax cannot be lawfully extended for an amount in excess of that per cent. The excess must be abated. (*Wabash Railroad Co.* v. *People*, 147 Ill. 196.) The county clerk having failed to make the abatement before extending the tax, the tax-payer is entitled to have it done in this proceeding, otherwise the limit fixed by the statute would become a dead letter. On the theory of appellee, if these directors had certified that they required $2700 for school purposes and $100 for building purposes, the whole $2700 could have been lawfully extended and collected; and if that position could be maintained, any fraction less than five per cent could be collected for either school or building purposes. It is not denied that appellant paid the full amount of tax which could have been lawfully assessed against its property in district No. 3 for educational purposes, on a basis of two per cent on the valuation of 1893. The county court erred in rendering judgment for the $63.30 which was in excess of that amount.

The objection filed to the tax of each of districts Nos. 4 and 8 was, "that there is on file in the office of the county clerk no legal and proper certificate, executed by the directors of said district, on which to base such levy and assessment, and that the certificate on which said levy and assessment are based is illegal and void." It was shown by the proof that the tax for district No. 4 was extended upon the following certificate: "We hereby certify that we require the amount of $2 on each $100 to

be levied as a special school tax for school purposes, and $1 on each $100 for building purposes, on the taxable property of our district for the year 1894. Given under our hands this 11th day of August, A. D. 1893." Signed by the president and clerk of the board of education, and filed in the office of the county clerk August 14, 1893. Also, that the tax for district No. 8 was extended upon the following certificate : "We hereby certify that we require the amount of $2 on each $100 for teaching, and $1.50 on each $100 for building and repairs, to be levied as a special tax for school purposes on the taxable property of our district for the year 1894. Given under our hands this 25th day of July, A. D. 1893." Signed by the president and clerk of the board of education, and filed in the county clerk's office August 14, 1893. For the purposes of this decision these certificates may be treated as the same. Were they sufficient to authorize the levy of the tax sought to be collected by this proceeding?

It will be seen by reference to section 2 of the statute that the directors are required to certify the *amount* required, and return the same, etc. This section is a literal copy of section 44 of the School law in force when the case of *Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451, was decided, and it was there said : "The tax certificate which the school directors are empowered to make by section 44 of the School law (Rev. Stat. 1874,) is the basis of all school taxes. In a sense such certificates are jurisdictional, and any tax extended for school purposes, where no such certificate has been returned by the directors as required by that section of the statute, is without authority of law, and would be null and void." It is also clear from the provisions of section 5 of the act of 1889, that the statute contemplates a certificate stating the amount required. The county clerk is authorized to extend the tax "according to the amount certified as aforesaid," etc. It is clear, therefore, that in making a levy of school taxes a strict compliance with the statute re-

quires the directors to certify the amount required for each of the two purposes, in dollars and cents, seeing to it that neither amount exceeds the per cent fixed by section 1, *supra*, and that the county clerk should simply add these amounts together, and make his computation according to the aggregate amount so certified. But owing to the fact that, at the time the directors are required to make this certificate, they cannot definitely know just what the valuation of the taxable property of their district will amount to for the current year, and fix the amounts within the statutory limit of two and three per cent upon such valuation, we held in *Wabash Railroad Co.* v. *People, supra*, that in making their certificate they should take into consideration the needs of their district alone, and if their estimate should happen to exceed the limited per cent, the only result would be that no more than the lawful per cent could be levied and extended on the tax books, and the excess would have to be abated. It must, therefore, be accepted as the settled construction of the statute, that while the directors' certificate is the basis of the levy of a school tax, and essential to the validity of the same, the amount fixed by them, if it exceeds the statutory limit, does not necessarily control the county clerk in extending the tax.

While the certificates in question do not in terms state how much money must be raised for the respective districts, they do so in effect. They furnish the county clerk the facts upon which to determine the amount required, viz., two per cent, etc., on each $100 of the taxable property of the district for the year 1894. It is clear that with these facts before him, when he extended the tax he could readily ascertain the amount called for; and on the authority of the *Wabash case, supra*, it is equally clear that if, in making the computation, he ascertained that the amount would exceed the limited per cent on the valuation of 1893, it was his duty to abate the excess before extending the tax. As a matter of fact he ex-

tended the per cent named in the certificates on the assessment of 1893,—the current year. The levy was not, therefore, unlawful because it exceeded the per cent fixed by the statute, nor is anything shown "affecting the substantial justice of the tax itself." It is true, the assessment of 1894 may have been less than that of 1893, and if it was, the amount levied exceeded the amount called for by the directors. If so, and an objection to the validity of the tax on that ground had been filed, a different question would have arisen. Here the sole ground of objection is, that the certificates filed by the directors were void. While we can discover no reasonable excuse for this departure by the directors from the plain requirements of the law, with a statutory form of this certificate before them, we are not prepared to hold their action absolutely void. Our statute provides that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." (Revenue act, sec. 191.) This statute has been liberally construed, and repeatedly enforced by the decisions of this court, in upholding irregular assessments and levies of taxes, and we think, under those decisions, the tax levied for districts Nos. 4 and 8 must be held valid.

Judgment will therefore be entered for the amount of the taxes levied and unpaid, for Union District No. 7, $73.89, for district No. 4, $1481.31, and for district No. 8, $701.95, and an order will be entered that the amount deposited with the collector by appellant upon taking this appeal be credited upon such judgment, and an execution issued for the balance thereof, if any. It is also ordered that appellee pay his own costs in this court.

*Reversed in part and affirmed in part.*