## The Chicago and Alton Railroad Company

*v.*

## The People *ex rel.* Charles S. Wood, County Treasurer.

*Filed at Springfield November 10, 1896.*

1. Schools—*sufficiency of certificate of directors to authorize tax levy.* A certificate by school directors that a certain amount is required for school purposes and a certain other amount for "heating and repairing purposes," is insufficient to authorize a tax levy "for building purposes," under the School law. (Laws of 1889, art. 8, sec. 2, p. 316.)

2. Same—*form of directors' certificate is mandatory.* The form of certificate prescribed by statute to be made by directors as the basis of the school levy (Laws of 1889, sec. 2, p. 316,) is mandatory, the word "may" in the statute being equivalent to "shall."

3. Same—*school tax illegal if extended without proper certificate.* The certificate which school directors are empowered to make, under the School law, of the amounts to be levied for school and building purposes, is jurisdictional, and a tax extended by the county clerk without such certificate is void.

4. Same—*the words "heating and repairing purposes" defined.* The words "heating and repairing purposes," in a certificate of school directors, include such necessary incidental expenses as are embraced within the meaning of the term "educational and school purposes," as used in the law, and not "building purposes," for which an additional tax may be levied.

Appeal from the County Court of Tazewell county; the Hon. W. R. Curran, Judge, presiding.

William Brown, T. N. Green, and M. J. Scrafford, for appellant.

Mr. Chief Justice Magruder delivered the opinion of the court:

This is an application to the county court by the county collector for judgment against the property of appellant for the delinquent taxes of 1894. Objections were filed on May 6, 1895, by the appellant to the entry of judgment against its property for a delinquent school tax of $336.13 levied in district 5, town 23, range 3, Taze-

well county, Illinois. The objections were sustained as to $33.61, part of said sum of $336.13, but overruled in all other respects; and judgment was entered against appellant's property for the remaining balance, to-wit: the sum of $302.52. The present appeal is prosecuted from such judgment, the appellant having deposited with the collector, as required by the statute, an amount of money equal to the judgment, including costs.

Upon the hearing of the objections, the People, in addition to other proof, introduced in evidence the certificate of levy of said district, filed in said court on August 10, 1894, in the words and figures following, to-wit:

"We hereby certify that we require the amount of $1800 to be levied as a special tax for school purposes, and $1200 for heating and repairing purposes, on taxable property of our district for the year 1894.

"Given under our hands this 6th day of August, A. D. 1894.

W. H. Smith,
Stephen Fisher,
H. Jennings,
*Directors District No. 5, etc.*"

Under this certificate the county clerk extended a school tax of $3.60 upon each $100 of the assessed valuation of the taxable property of appellant in the district for the year 1894. The assessed valuation was $21,008, and the tax amounted to $756.29. Of this sum appellant paid $420.16, which was two per cent on the assessed valuation of its property. The balance of the tax, to-wit, the sum of $336.13, appellant declined to pay.

The objections, filed by appellant at the May term, 1895, of the county court to the entry of judgment against its property for said sum of $336.13, are, in substance, that the purposes mentioned in the certificate were school purposes; that the sum was in excess of the two per cent, which the directors were by law authorized to levy for those purposes; and that the sum was levied without any authority of law.

Upon the hearing of the objections it was disclosed by the testimony of the county clerk that of the total tax of $3.60 on each $100 levied in the district upon the property of appellant, $2.16 on each $100, or $453.77, was for school purposes, and $1.44 on each $100, or $302.52, was for heating and repairing purposes; also that the sum of $33.61 of the sum of $453.77 was in excess of two per cent for school purposes. The court overruled the objections to said sum of $302.52, so levied for heating and repairing purposes, finding that heating and repairing purposes were building purposes.

The real question in this case is whether "heating and repairing purposes," as specified in the certificate of the directors, are "building purposes" within the meaning of the statute. Section 1 of article 8 of the School law of 1889 authorizes the directors to levy a tax annually upon all the taxable property of the district, not to exceed two per cent for educational and three per cent for building purposes. (3 Starr & Cur. Stat. p. 1194). Two per cent of the assessed valuation of the taxable property of the appellant in the district is $420.16. Hence, the sum of $420.16 is the full amount of tax, which the directors are authorized to levy upon the taxable property of the appellant in the district for the year 1894, for educational or school purposes. The excess over the sum of $420.16, to-wit: the sum of $336.13, or, as reduced by the court below, the sum of $302.52, is an illegal tax if it is a tax for educational or school purposes, because it exceeds the statutory limit of two per cent allowed to be levied for those purposes. Inasmuch, however, as the statute authorizes an additional levy of three per cent for building purposes, the tax of $302.52 is a lawful tax against appellant's property if it is levied as a tax for building purposes. The certificate of the directors does not say, that the sum of $1200.00 is required for building purposes, but it does say that such amount is required for "repairing and heating purposes." Where an amount is

certified to be required for "repairing and heating purposes," is the statute complied with, which requires a certificate of the amount required for "building purposes?"

Said section 1 of article 8 provides that "for the purpose of establishing and supporting free schools for not less than five nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses in each district,   *   *   *   the directors of such district   *   *   *   shall be authorized to levy a tax annually upon all the taxable property of the district   *   *   *   not to exceed two per cent for educational, and three per cent for building purposes, except to pay indebtedness contracted previous to the passage of this act; the valuation to be ascertained by the last assessment for State and county taxes."

Section 2 of said article 8 provides that "the directors of each district shall ascertain, as near as practicable, annually, how much money must be raised by special tax for school purposes during the ensuing year, which amount shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually.   The certificate of the directors may be in the following form, viz: 'We hereby certify that we require the sum of......dollars to be levied as a special tax for school purposes, and......dollars for building purposes, on the taxable property of our district.'"   Manifestly, the certificate in the case at bar does not comply with the form prescribed by the statute, because, instead of certifying that the directors require the sum of $1800.00 to be levied as a special tax for school purposes, and $1200.00 for building purposes, on the taxable property of the district, it certifies that the directors require $1800.00 to be levied as a special tax for school purposes, and $1200.00 for heating and repairing purposes.

The certificate is not sufficient to authorize a tax to be levied for building purposes. It should expressly state that a tax is required to be levied for building purposes. Without such a certificate the county clerk is not authorized to extend a tax for building purposes. The meaning of the provision, that the certificate "may" be in the specified form is, that it "shall" be in such form. Where a statute directs the doing of a thing for the sake of justice or the public good, the word, *may*, is the same as the word, *shall*, and imports a duty equally imperative. (Cooley on Taxation, chap. 9, p. 214).

The certificate, which the school directors are empowered to make by said section 2, lying as it does at the basis of the school tax, is jurisdictional in its character, and a tax, extended by the county clerk without such a certificate of the directors, is without authority of law, and null and void. (*Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451; *Chicago and Alton Railroad Co.* v. *People*, 155 id. 276). "In making a levy of school taxes a strict compliance with the statute requires the directors to certify the amount required for each of the two purposes," (school purposes and building purposes), "in dollars and cents, seeing to it that neither amount exceeds the per cent fixed by section 1." (*Chicago and Alton Railroad Co.* v. *People*, *supra*). It should not be left to the county clerk to determine whether or not "repairing and heating purposes" are embraced within "building purposes." It was evidently the intention of the legislature, that the purposes, for which the money is required, should be separately specified as school purposes and as building purposes, so that the county clerk can compute and extend the taxes for each of such purposes within the limits authorized by the law, abating any excess beyond such limits before extending the tax. (*Wabash Railroad Co.* v. *People*, 147 Ill. 196; *Chicago and Alton Railroad Co.* v. *People*, *supra*).

Here, there is no certificate, in express terms authorizing a tax to be levied for building purposes, nor can the

words, "repairing and heating purposes" be construed as meaning "building purposes." It does not appear, that the word, "repairing," as here used, refers to the repairing of school houses any more than it does to the repairing of school furniture or apparatus. Nor does it appear that the word, "heating," refers any more to the heating apparatus connected with the school houses, such as stoves, furnaces, etc., than to the fuel, which is consumed therein. "Repairing and heating purposes," include such "necessary incidental expenses" as are embraced within the meaning of the terms "educational purposes" and "school purposes," as used in said sections 1 and 2 of article 8. Such "school purposes" are those for which annual expenditures are or may be necessary. The directors are required to ascertain annually how much money must be raised for school purposes, etc.

Such is not the meaning of the words, "building purposes." These words refer to the building of school houses. Article 9 of the School law of 1889, (3 Starr & Cur. Stat. p. 1197), requires the votes of the people at an election to be called in a particular manner, before the directors can be authorized to build, or repair and improve, school houses by borrowing money and issuing bonds. It is unlawful for school directors to build a school house without a vote of the people of the district on the question, and, if they should do so, their act would be null and void. (*Thatcher* v. *People*, 93 Ill. 240). The indebtedness for building or repairing and improving school houses will, of necessity, be definitely fixed, and the amount to be paid annually by way of interest on such indebtedness is easily and readily ascertained. Accordingly, section 2, while it requires school directors to ascertain annually how much money must be raised for school purposes, does not require them, in express words, to ascertain how much is required for building purposes, although they are authorized to state the amount in the certificate.

Our conclusion is, that the county court erred in rendering judgment for the tax levied upon the property of appellant for heating and repairing purposes amounting to $302.52, for the reason that such tax was not under the law levied for building purposes, and is in excess of the two per cent which the law authorizes to be levied for school purposes.

The judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*