THE PEOPLE ex rel. Thomas F. Holmes, County Collector, Appellee, vs. THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*duty of commissioners as to levying tax to liquidate road and ditch damages.* Under the act relating to roads and bridges in counties under township organization, when damages have been agreed upon, allowed or awarded for roads or ditches, it is the duty of the highway commissioners to make a certificate of the amount of money necessary to liquidate such damages and deliver such certificate to the town clerk, but it is the duty of the clerk, and not of the highway commissioners, to ascertain the rate per cent, which must be within the statutory limit.

2. SAME—*when fact that a rate was certified instead of a specific amount does not defeat tax.* The fact that the rate per cent for a tax to liquidate road and ditch damages was certified instead of the specific amount necessary does not defeat the substantial justice of the tax, unless it is shown that the rate so fixed did not produce the same result as if the amount had been specified.

3. SAME—*what taxing district must be used as the standard in determining tax reduction.* The taxing district having the highest aggregate of rates, exclusive of the rates mentioned in the act as not subject to reduction, is the taxing district to be used by the county clerk as the standard in determining how much, if any, the county rate shall be reduced.

4. SAME—*when tax reduction is not in compliance with statute.* It is in plain contradiction of the amended Revenue law of 1909, and subversive of its purpose, for the county clerk, in ascertaining the highest aggregate per cent of all tax levies, to select the district having the highest aggregate per cent (including taxes which are not to be reduced and which by the act are to be excluded,) and then exclude from the aggregate rate the various taxes which he is not authorized to reduce, and, if what remains is less than three per cent of the taxable property, make no reduction throughout the county, whether the aggregate levies of any other district exceed three per cent or not.

5. SAME—*duty of county clerk in reducing taxes.* After the county clerk has ascertained the taxing district having the highest aggregate tax levies which are subject to reduction under the amended Revenue law of 1909, he is required to reduce the same to three per cent, in accordance with the provisions of the statute,

thereby fixing the county rate which applies throughout the county; and he must follow the same method in fixing the rates of other taxing districts, so that the rate will apply uniformly throughout each district.

APPEAL from the County Court of Logan county; the Hon. DONALD McCORMICK, Judge, presiding.

BLINN & COVEY, (WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellant.

W. H. STEAD, Attorney General, and EVERETT SMITH, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Logan county overruled the objections of the appellant, the Chicago and Alton Railroad Company, to the application of appellee, county collector of said county, for judgment for a part of the road and bridge taxes of certain towns in said county and a part of the county tax, and entered judgment. From the judgment of the county court this appeal was prosecuted.

The appellant objected to that part of the road and bridge taxes of several towns which was extended to liquidate road and ditch damages, and in one case an objection was made (which has been abandoned in argument) to that part of the road and bridge tax levied to meet an existing contingency. The objection still insisted upon is, that the respective town clerks certified a rate per cent to be extended for road and ditch damages instead of certifying a specific amount of money required for that purpose.

The act in regard to roads and bridges in counties under township organization provides that when damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads, the amount of such damages, not to exceed

for any one year twenty cents on each $100 of the taxable property of the town, shall be included in the first succeeding tax levy, and when collected shall constitute and be held by the treasurer of the commissioners as a separate fund, to be paid out to the parties entitled to receive the same. The commissioners are required to make a certificate of the amount necessary to liquidate such road and ditch damages and cause the certificate to be delivered to the town clerk, who is to certify the same to the county clerk. The commissioners are required to make a certificate for an amount of money which must not exceed the rate per cent specified in the statute. They are not authorized to certify to a rate per cent, but the clerk is to ascertain the rate within the statutory limit. A certificate for the levy of a certain per cent might or might not work an injustice to tax-payers, depending upon the amount produced, and if the result is not different from what it would have been if an amount had been stated, the substantial justice of the tax is not affected. A similar statute was construed in the case of *Chicago and Alton Railroad Co.* v. *People ex rel.* 155 Ill. 276, and again in *Chicago and Alton Railroad Co.* v. *People ex rel.* 205 id. 625, where it was held that the statute required a certificate for a definite sum, but that the mere fact of specifying a rate was not ground for an objection to judgment for the tax. The same rule was applied in the case of the county tax in *People ex rel.* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, where it was said that the plain reading of the statute required the county board to fix the aggregate amount required, and the clerk was then to determine the rate per cent, not exceeding seventy-five cents on each $100 of the taxable property, but that the objection that a rate was specified, standing alone, was not good. In this case the objection was merely that rates were specified in the several towns instead of specific amounts, and there was neither objection nor proof that the rates so fixed did not produce

the same results as if amounts had been specified. There is therefore no ground for distinguishing this case from others, and the court did not err in overruling the objection to the road and bridge taxes.

The county clerk extended the full rate of seventy-five cents on each $100 of taxable property as a county tax, and the objection was that the clerk did not scale the rate, as required by "An act to amend section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended by an act approved March 29, 1905, in force July 1, 1905," in force July 1, 1909. (Laws of 1909, p. 323.) That act requires the county clerk to ascertain the rates per cent required to be extended upon the assessed valuation of the taxable property in the respective towns, townships, districts, incorporated cities and villages in his county to produce the several amounts certified for extension by the taxing authorities in the county, with a proviso that the aggregate of all the taxes, exclusive of certain taxes named therein, must not exceed three per cent of the taxable property in the taxing district. Inasmuch as a tax levy extending over more than one town, township, district, incorporated city or village must be at a uniform rate, so that the burden of such tax may be borne equally by all tax-payers, it is necessary that the county clerk shall ascertain which taxing district or municipality within the whole district subject to the tax has the highest aggregate per cent of tax levies subject to reduction. In the case of a county tax, that would be the taxing district or municipality having the highest aggregate per cent of tax levies in the county which are to be reduced. To accomplish the desired end of uniformity the act requires the county clerk to reduce the rate per cent of the tax levies of a taxing district or municipality in the same proportion in which it would be necessary to reduce the highest aggregate per cent of all the tax levies (exclusive of the taxes specified and not to be reduced)

certified for extension upon any of the taxable property in the taxing district or municipality to bring the same down to three per cent of the assessed value of the taxable property upon which said taxes are required by law to be extended. Any other method would result in different rates of the same tax in different districts subject to the levy. After finding the district having the highest aggregate levies subject to reduction the clerk is required to reduce the same to three per cent, in accordance with the provisions of the statute, and he thereby fixes the county rate which applies throughout the county. He must follow the same method in fixing the rates of other taxing districts, so that the rate will apply uniformly throughout each district. This was fully explained in the case of *Town of Cicero* v. *Haas,* 244 Ill. 551.

Counsel for the appellee seek to sustain the judgment of the county court upon the theory that the clerk, in ascertaining the highest aggregate per cent of all the tax levies, must select the district having the highest aggregate per cent, including the taxes which are not to be reduced and which by the act are to be excluded, and shall then exclude from the aggregate rate the various taxes which he is not authorized to reduce, and if what remains is less than three per cent of the taxable property he is to make no reduction throughout the county, whether the aggregate levies of any other district exceed three per cent or not. Putting that scheme into operation left taxing districts in which the taxes subject to reduction exceeded three per cent. This is a contradiction of the plain language of the act and subversive of its purpose. It would be sufficient to say that the act in terms forbids such a method, but it is also true that the results obtained would defeat the purpose of the statute. The taxing district having the highest aggregate of rates exclusive of the rates mentioned in the act as not subject to reduction, is the taxing district to be used as

the standard in determining how much, if any, the county rate shall be reduced. The county court adopted the view of the appellee, which was erroneous and resulted in an erroneous judgment.

The judgment is affirmed as to the road and bridge taxes and is reversed as to the county tax, and the cause is remanded to the county court, with directions to ascertain the amount of the county tax under the rules laid down in this opinion, and to sustain appellant's objection to any excess above the rate that would have been charged against the property of appellant if the statute had been complied with.

*Reversed and remanded, with directions.*