THE PEOPLE *ex rel.* Thomas F. Holmes, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*what is the proper taxing district to be used as the standard for reducing rates.* The taxing district having the highest aggregate of rates, exclusive of the rates mentioned in the act as not subject to reduction, is the taxing district to be used as the standard, under the amended Revenue law of 1909, in determining how much, if any, the rate shall be reduced.

2. SAME—*what does not render invalid a tax levy for road and ditch damages.* A tax to liquidate road and ditch damages, under section 15 of the Roads and Bridges act, is not necessarily rendered invalid because the certificate of the town clerk to the county clerk sets out a certain rate per cent to be levied instead of a definite sum of money.

3. SAME—*when certificate shows contingency under section 14 of Roads and Bridges act.* A contingency, such as is contemplated by section 14 of the Roads and Bridges act, authorizing an additional tax, is established by a certificate showing that the tax was needed because of a "wash-out in the spring of 1909 on public road in Sugar creek bottom, * * * said road for a quarter of a mile being washed out by unusual floods occurring at that time and being such as could not be foreseen or guarded against."

4. SAME—*when certificate of road tax levy cannot be amended.* The town clerk is required to transmit to the county clerk a certified copy of the certificate of the highway commissioners for the road and bridge tax, and if the certificate so transmitted appears to be the original or a duplicate, and not a copy, there can be no amendment thereof on application for judgment and order of sale.

APPEAL from the County Court of Logan county; the Hon. DONALD McCORMICK, Judge, presiding.

BLINN & COVEY, (JOHN G. DRENNAN, of counsel,) for appellant.

W. H. STEAD, Attorney General, and EVERETT SMITH, State's Attorney, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale by the county collector of Logan county, in the county court of said county, against the property of the Illinois Central Railroad Company. The railroad company appeared and filed objections, which were overruled and judgment and order of sale entered, and the railroad company has prosecuted this appeal.

The first objection challenges the correctness of a tax of $1005.69 levied as county tax, a tax of $11.23 levied as town tax in East Lincoln township, a tax of $15.40 levied as town tax in West Lincoln township and a tax of $32.72 levied as a corporation tax in the city of Lincoln, on the ground that the county clerk, in ascertaining the various rates to be extended in these respective taxing districts, did not comply with the provisions of section 2 of an act entitled "An act to amend section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended by an act approved March 29, 1905, in force July 1, 1905," in force July 1, 1909, (Laws of 1909, p. 323,) in this: that the county clerk, in ascertaining the highest aggregate per cent of all the tax levies, selected the district having the highest aggregate per cent, including the taxes which are not to be reduced and which by the act are to be excluded, when he should have selected the taxing district having the highest aggregate of rates, exclusive of the rates mentioned in the act as not subject to reduction. The question here raised was before the court at its last term in *People* v. *Chicago and Alton Railroad Co.* 248 Ill. 87, where it was held that

the taxing district having the highest aggregate of rates, exclusive of the rates mentioned in the act as not subject to reduction, is the taxing district to be used as the standard in determining how much, if any, the rate should be reduced. The county court was therefore in error, and its judgment as to the county tax, East Lincoln township tax, West Lincoln township tax and the city of Lincoln corporation tax is erroneous.

The second, third, fourth, fifth, seventh and eighth objections challenge the validity of a tax of $70.08 levied in Laenna township, a tax of $53.16 levied in Chester township, a tax of $88.63 levied in Orvil township, a tax of $9.45 levied in Prairie Creek township, a tax of $76.16 levied in Sheridan township and a tax of $59.59 levied in Elkhart township, upon the ground that the certificates of levy of the town clerk to the county clerk set out a certain rate per cent instead of a definite sum of money with which to liquidate road and ditch damages under section 15 of the Road and Bridge act. This question was also raised in *People* v. *Chicago and Alton Railroad Co. supra,* and it was there held that an objection to a levy, under section 15 of the Road and Bridge act, that rates and not amounts were specified in the certificates of levy filed by the town clerk, was no valid objection to the tax. (See, also, *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276; *Chicago and Alton Railroad Co.* v. *People,* 205 id. 625; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 id. 503.) The objections, therefore, to the road and bridge taxes in Laenna, Chester, Orvil, Prairie Creek, Sheridan and Elkhart townships are not valid objections.

The appellant also objected to a tax of $90.63 levied in West Lincoln township with the consent of the board of town auditors and assessor, under section 14 of the Road and Bridge act, in view of a contingency stated as follows: "Wash-out in spring of 1909 on public road in Sugar creek bottom, * * * said road for a quarter of a mile being

washed out by unusual floods occurring at that time and
being such as could not be foreseen or guarded against."
The facts stated are unusual occurrences and constitute such
a contingency as authorized the additional tax levy, and
in view of the holdings of this court heretofore made, the
certificate filed with the county clerk was sufficient. (*People*
v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill.
360; *People* v. *Toledo, St. Louis and Western Railroad Co.*
231 id. 125; *People* v. *Elgin, Joliet and Eastern Railway
Co.* 243 id. 546.) The court did not, therefore, err in over-
ruling the objections to said additional road and bridge tax.

It is finally contended that the court erred in overrul-
ing its objections to a tax of $611.11 levied and extended
against its property in Mt. Pulaski township for road and
bridge purposes, upon the ground that the town clerk sent
to the county clerk the original levy certificate made by the
highway commissioners instead of a certified copy of such
levy certificate, as is required by the statute. The court, on
the hearing, permitted the certificate to be amended. There
was nothing upon the face of the certificate to show it was
a copy of the original, and it appears to have been the
original or a duplicate. We are of the opinion there was
nothing to amend by, and that the objection to the Mt. Pu-
laski road and bridge tax should have been sustained. *Peo-
ple* v. *Cairo, Vincennes and Chicago Ry. Co.* 248 Ill. 36.

For the reasons given in the foregoing opinion, the
judgment will be reversed as to the county tax, the town
tax in East Lincoln and West Lincoln townships, the cor-
poration tax in the city of Lincoln and the road and bridge
tax in Mt. Pulaski township, and as to all other taxes the
judgment will be affirmed, and the case will be remanded to
the county court for further proceedings in accordance with
the views herein expressed.        *Reversed and remanded.*