THE PEOPLE *ex rel.* Ona L. Cline, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*an additional road tax can be levied only to meet a contingency.* The contingency which will authorize an additional tax levy, under section 14 of the Roads and Bridges act, must be some unusual or extraordinary event in the nature of a casualty which does not happen in the ordinary course; and the certificate of the highway commissioners must state that the tax is desired to meet a contingency and must state what the contingency is.

2. SAME—*washing away of bridge by freshet is a contingency contemplated by statute.* Heavy rains, floods and freshets which result in damage to roads, washing out of grades and culverts and undermining foundations and embankments are not unusual and may be anticipated as likely to occur from year to year, and the repairs occasioned thereby must be provided for out of the ordinary tax; but a freshet which results in carrying away and destroying a bridge is not usual, and is a contingency within the meaning of section 14 of the Roads and Bridges act, providing for an additional tax.

APPEAL from the County Court of Piatt county; the Hon. ELIM J. HAWBAKER, Judge, presiding.

C. F. MANSFIELD, and F. M. SHONKWILER, (C. N. BROWN, of counsel,) for appellant.

HICKS & DOSS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An additional road and bridge tax of twenty-five cents on each $100 valuation was extended against the property of the appellant in Sangamon township, in Piatt county, upon the certificate of the highway commissioners and consent of the board of town auditors that such additional rate was required "for the specific and sole purpose of building a bridge and approaches in Madden Lane road across Madden run, in said town; emergency having arisen for the

construction of said bridge by reason of a former bridge across said Madden run having been destroyed and swept away by a freshet." This appeal is from the judgment of the county court overruling the appellant's objection to the tax so extended and entering judgment against its property.

Section 14 of chapter 121 of Hurd's Statutes of 1909 provides for the levy of an additional road and bridge tax in view of some contingency, upon the certificate thereof by the highway commissioners with the consent of a majority of a board consisting of the board of town auditors and the assessor. The certificate of the commissioners must state that the tax is desired to meet a contingency and must state what the contingency is, and the contingency must be some unusual or extraordinary event in the nature of a casualty which does not happen regularly and in the ordinary course. (*People* v. *Lake Erie and Western Railroad Co.* 248 Ill. 32.) The contingency here fulfilled this requirement. Heavy rains and freshets or floods may be expected at certain seasons of the year. They are usual occurrences, and so are the resulting consequences of damage to roads, washing out of grades and culverts and undermining of foundations and embankments. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 249 Ill. 175.) Such results of storms or floods as may usually be anticipated as likely to occur from year to year are not extraordinary, and the repairs required in consequence of their happening must be provided for out of the ordinary tax. But a freshet which results in the carrying away and destruction of a bridge is out of the ordinary course. It does not ordinarily happen and cannot be anticipated. (*People* v. *Illinois Central Railroad Co.* 249 Ill. 142.) The certificate stated such a contingency as authorized the levy of the additional tax.          *Judgment affirmed.*