THE PEOPLE *ex rel.* Oliver L. Parker, County Treasurer,

*v.*

THE CINCINNATI, INDIANAPOLIS AND WESTERN RY. CO.

*Opinion filed December 22, 1904.*

1. TAXES—*what a sufficient determination of aggregate amount of county tax.* A resolution of the county board fixing the rate to be levied upon the $100 valuation for a tax for county purposes is an indirect determination of the aggregate amount required, and is not so uncertain in that respect as to invalidate the tax.

2. SAME—*the county board's resolution should state the separate amount for each purpose.* Under section 121 of the Revenue act, if the county tax is required for several purposes the county board's resolution should state the amount required for each purpose separately.

3. SAME—*additional road and bridge tax must be for a contingency.* The additional road and bridge tax of forty cents on the $100, authorized by section 14 of the Road and Bridge act, cannot be levied unless the highway commissioners have certified that there is a contingency justifying the additional levy, since the latter can not be used to pay the ordinary expenses provided for in section 13, incurred in the usual way.

APPEAL from the County Court of Douglas county; the Hon. W. W. REEVES, Judge, presiding.

H. J. HAMLIN, Attorney General, and JOHN H. CHADWICK, State's Attorney, (EDWARD C. CRAIG, and ROY F. HALL, of counsel,) for appellant.

GEORGE W. FISHER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant made application to the county court of Douglas county for a judgment and order of sale for delinquent taxes for the year 1903, to which appellee filed objections, first, that the county board had not determined the amount of taxes to be raised for county purposes and the amount of the county tax required for each of the several purposes,

or stated the amount required for each purpose separately, and also to the road and bridge tax for the town of Murdock, in said county, that the commissioners of highways did not levy or obtain the consent of the board of town auditors to levy any sum in addition to the rate of sixty cents for the contingency provided by section 14 of chapter 121 of our statutes, and no such contingency then existed; second, that the board of auditors had no authority to consent to the levy, or the commissioners to levy, an additional forty cents to pay orders heretofore issued or for road and bridge purposes. The court below sustained these objections and denied judgment for appellee's delinquent county tax and forty cents on the $100 of the taxable property of the town of the road and bridge tax of said Murdock township.

The order of the county board under which the county tax was levied is as follows: "Your committee to whom was referred the tax levy for the ensuing year would beg leave to submit the following report: That we have examined the financial condition of the county, and recommend that seventy-five cents on the $100 be extended by the county clerk for county purposes. The said resolution was unanimously adopted by the board."

Section 121 of the Revenue law (Hurd's Stat. 1903, p. 1529,) is as follows: "The county board of the respective counties shall, annually, at the September session, determine the amounts of all taxes to be raised for county purposes, the aggregate amount of which shall not exceed the rate of seventy-five cents on the $100 valuation of property, except for payment of indebtedness existing at the adoption of the present State constitution. * * * When for several purposes the amount for each purpose shall be stated separately."

The first objection to the county tax is, that the resolution of the board did not determine the amount of all taxes to be raised for county purposes, and the argument is, that fixing the rate per cent on the $100 of all the taxable prop-

erty in the county does not amount to a determination of the aggregate amount required,—that is, that the county board should fix the aggregate amount as required, and the clerk is then to determine the rate per cent, not exceeding seventy-five cents on the $100 valuation of property. This is doubtless the plain reading of the statute; but the effect of the resolution is to indirectly fix the amount, and on the principle that that is certain which may be made so, we are of the opinion that the objection, standing alone, was not good. On principle, *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, and *Same* v. *Same,* 205 id. 625, are in point.

The further objection, however, to this tax is, that the resolution of the county board did not comply with that requirement of section 121, *supra,* which makes it the duty of the board, when the tax is for several purposes, to state separately the amounts for each purpose. We have just had occasion to consider this objection in *Chicago, Burlington and Quincy Railroad Co.* v. *People,* (*ante,* p. 458,) and reached the conclusion that the objection is fatal to the county tax. For the reason there stated we think the county court properly sustained appellee's second objection to the county tax herein given.

The road and bridge tax objected to was levied under the following certificate: "We, the commissioners of highways of Murdock township, hereby certify that we require for road and bridge purposes, and for the payment of outstanding orders drawn on the township treasury for the year for which the tax should be levied, September 1, 1903, the rate of sixty cents on each $100, and we also require the rate of forty cents on each $100 valuation for road and bridge purposes, and paying outstanding orders heretofore drawn on the treasurer of said board of highway commissioners." In pursuance of this certificate a tax of one hundred cents on the $100 was levied for road and bridge purposes, and the appellee objected to the whole of the tax,

but the court overruled the objection to sixty cents on the
$100 and sustained it as to the forty cents. In the argument
considerable space is devoted to a discussion of the question
whether, upon the facts, the township was under the labor
or money system, but in our view of the case that question
is unimportant.

It will be seen that the second objection to this tax which
was sustained by the court is, that the board of auditors had
no authority to consent to the levy, or the commissioners to
levy, an additional forty cents to pay orders heretofore is-
sued, or for road and bridge purposes. Section 13 of the
Road and Bridge act gives the commissioners the power to
levy a tax "for road and bridge purposes and for the pay-
ment of any outstanding orders drawn by them on their
treasurer, which levy shall not exceed sixty cents on each
$100." The following section provides that "if, in the opin-
ion of the commissioners, a greater levy is needed in view
of some contingency, they may certify the same to the board
of town auditors and the assessor, a majority of whom shall
be a quorum, and with the consent of a majority of this en-
tire board given in writing, an additional levy may be made
of any sum not exceeding forty cents on the $100 of the
taxable property of the town." This forty cents on the $100
must be to meet some contingency, and not to pay the ordi-
nary expenses provided for in section 13, incurred in the
usual manner.

It is argued by counsel for appellant that the commis-
sioners are the judges as to the necessity or contingency
which will justify the levying of the additional forty cents,
provided the town auditors and assessor consent thereto in
writing. If the certificate of the commissioners had been
that the necessities or contingencies existing in the town-
ship required an additional levy, the position would perhaps
be tenable. But that is not what the commissioners have
here certified to. They attempt by their certificate to levy
one hundred per cent "for road and bridge purposes and for

the payment of outstanding orders drawn on the township treasury," the additional forty cents on each $100 being for the same purposes as the sixty cents, and without certifying or stating that any contingency has arisen or that any necessity exists for the latter levy. Section 13 is a limitation upon the power of commissioners to levy a road and bridge tax in excess of sixty cents on each $100 for road and bridge purposes and for the payment of outstanding orders drawn by them on their treasurer, and if the position of the appellant is sustained then that limitation is entirely abrogated, whether any contingency exists or not, provided the commissioners can obtain the consent of the auditors and assessor to increase it. We think the tax-payers of the township, when called upon to pay the additional forty cents on each $100, have a right to insist that the commissioners shall certify that there is a contingency justifying the levy.

Our conclusion is that the county court properly sustained the objections to the road and bridge tax of Murdock township to the extent of the forty cents on the $100.

We find no reversible error in this record, and the judgment below will accordingly be affirmed.

*Judgment affirmed.*