THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD CO.

*v.*

THE PEOPLE *ex rel.* Philip Wolf, County Treasurer.

*Opinion filed December 22, 1906.*

1. TAXES—*section 128 of the Revenue act construed.* The last clause of section 128 of the Revenue act, providing that "in the extension of taxes the fraction of a cent shall be extended as one cent," applies to the rate of the tax and not to a fraction of a cent in the amount of the tax as extended, and a rate of 73.5 cents on the hundred dollars is therefore properly extended as 74 cents.

2. SAME—*certificate for additional road tax should state what the contingency is.* In order to sustain an additional road and bridge tax, the certificate of the highway commissioners must not only state that it is levied to meet a contingency, but must also state what that contingency is.

3. SAME—*when additional road and bridge tax is illegal.* An additional road and bridge tax levied to meet an alleged contingency, stated in the certificate to be that the roads and bridges could not be kept in necessary repair with the regular levy, is illegal.

4. SAME—*what is sufficient to authorize a tax for "building purposes."* An election authorizing a school board to erect a school building and issue bonds to pay for the same is sufficient authority for a subsequent tax levy for "building purposes" to supplement the bonds and pay for the installation of a heating plant in the building. (*Wabash Railroad Co.* v. *People,* 187 Ill. 289, distinguished.)

APPEAL from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, (JOHN G. DRENNAN, of counsel,) for appellant.

F. J. TECKLENBURG, State's Attorney, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an application by the collector of St. Clair county to the county court for a judgment and order of sale against the appellant's property for delinquent taxes for the

year 1905. Numerous objections were filed by the company, part of which were overruled, and from the judgment rendered this appeal is prosecuted.

The first overruled objection was to $46.60 of the county taxes, which questions the rate at which the same was extended. The rate based upon the proper valuation of property was 73.5 cents on each $100, extending the fraction of a half cent as one cent. The $46.60 objected to is the difference in amount between the two rates. The question here raised depends upon the proper construction to be placed on the whole clause of section 128 of the Revenue law, (Hurd's Stat. 1903, chap. 120, p. 1530,) which reads as follows: "In the extension of taxes the fraction of a cent shall be extended as one cent." The appellant insists that this language does not apply to the rate at which the extension shall be made, but to the tax itself after it is extended,— that is, if the rate, as here, is 73.5 cents on the $100, the clerk is not authorized to extend the tax at the rate of seventy-four cents, but must extend it at the exact rate named, and if the tax so extended amounts to, for instance, $24.23½, then the clerk may, under the foregoing clause, make it $24.24, thus adding the fraction of a cent to the whole tax. To so construe the statute would make its language frivolous. The fraction of a cent added to or taken from the whole amount of tax assessed against a person or corporation would amount to no appreciable benefit or injury to him or it, neither would the addition of a fraction of a cent materially assist the clerk in performing his duties or result in substantial benefit to the county. Authorizing the clerk, however, to treat the fraction of a cent as one cent would very materially facilitate the labor of the clerk in extending the taxes and give the county the benefit of the additional revenue so levied. It is a matter of common knowledge that tables have been prepared containing the amounts of tax at different rates as estimated in whole numbers, and that such tables are of substantial assistance to the officers

authorized to extend taxes. These tables would be of no practical use if the construction here insisted upon by appellant is correct. It seems to us that the language of the statute itself makes it too clear for argument that the construction contended for by appellant is a strained construction and unwarranted. The county court properly overruled that objection.

The next objection is to $52.22 of road and bridge tax of the town of Freeburg, $52.18 of road and bridge tax of the town of Lenzburg, and $81.10 of the road and bridge tax of the town of New Athens. In each of these towns an additional levy of forty cents on the $100 of road and bridge tax was made under section 14 of the Road and Bridge act. (Hurd's Stat. p. 1724.) That section is as follows: "If in the opinion of the commissioners a greater levy is needed in view of some contingency, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, an additional levy may be made of any sum not exceeding forty cents on the $100 of the taxable property of the town." The record shows that in the towns of Freeburg and New Athens the commissioners of highways certified to the board of town auditors that in view of the contingency that the roads and bridges could not be kept in necessary condition and repair for public travel with the regular levy, and in the town of Lenzburg they certified that in view of the contingency following, namely, for building and repairing roads and bridges, additional amounts were necessary. In each case a majority of the board of town auditors gave their consent in writing for the additional levy.

It is insisted by appellant that the facts stated in the certificates of the board of highway commissioners were not sufficient, under the statute, to authorize the additional levy. This position, we think, must be sustained. The certificates of the several townships, as above shown, are simply to the

effect that the regular levy is insufficient to maintain the roads and bridges or keep them in necessary condition and repair for public travel. This amounts to no more than a statement or certificate that the sixty cents on the $100 is insufficient for road and bridge purposes. We held in *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, that the additional levy cannot be made unless the highway commissioners have certified that there is a contingency justifying the additional levy, since the latter can not be used to pay the ordinary expenses provided for in section 13, incurred in the usual way. Under the authority of that case the commissioners must not only certify that the additional levy is needed to meet some contingency, but must state what that contingency is. If, as is insisted by counsel for the People, the roads and bridges of the townships have been damaged by floods or washouts, that fact must be stated in the certificates of the commissioners, otherwise the sixty cents on the $100 authorized by section 13 for roads and bridges is all that can be legally levied. As to the claim that the roads and bridges of the town are especially liable to floods, washouts, etc.; suppose this additional levy is sustained but no contingency in fact arises requiring the additional money during the year, a fund would be raised from the tax-payers of the townships greater than that authorized by section 13 for the ordinary maintenance of roads and bridges, or left on hand without any legal right in the commissioners to expend the same. We are of the opinion that the additional levy over and above the sixty cents on the $100 is illegal and that the objections of appellant thereto should have been sustained.

The last objection is to $101.29 of the school tax of district No. 3, for the reason that it was levied for building purposes without having been authorized by a vote of the people. The record shows that on August 16, 1904, by an election the board of education was authorized to erect a new school building in the district and issue bonds for the

same.  The building was built during the year 1905.  On July 31, 1905, a resolution was passed by the board of education to install in the new building a heating plant, and the levy in question was made to cover this expense.  Boards of education have authority to levy taxes for two things: educational purposes and building purposes.  A levy by a school district for building purposes is illegal unless the building has first been authorized by a vote of the people. (*Chicago and Alton Railroad Co.* v. *People,* 163 Ill. 616; *Illinois Southern Railway Co.* v. *People,* 215 id. 123.)  In this case the board of education had been authorized to build a new building and issue the bonds of the district to pay for the same.  Under that authority they also had the right to levy an additional amount for building purposes to supplement the bonds which they were authorized to issue.  It will scarcely be contended that a heating plant is not a proper, if not a necessary, part of a school building.  *Wabash Railroad Co.* v. *People,* 187 Ill. 289, is cited and relied upon by counsel for appellant.  In that case it was held that placing a steam heating apparatus in a school building in place of an old one and the reconstruction of a part of the basement of a building came within the current, ordinary expenses of the school, and that a tax levied for building purposes in payment of the same is illegal.  That case, however, has no application to this, as will be readily seen by reference to the facts there before the court.  An old heating plant was torn out and a new one put in in its place and other changes made in the basement of the building.  The installation of the heating plant here was a part of the new building duly authorized by the people.  We think, therefore, that the tax was legally levied and the objection thereto properly overruled.

The judgment of the county court will be affirmed in part and reversed in part.

*Affirmed in part and reversed in part.*