THE PEOPLE *ex rel.* H. W. Bahde, County Collector, Appellant, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellee.

*Opinion filed December 17, 1907.*

1. TAXES—*section 14 of Road and Bridge act contemplates a contingency.* Section 14 of the Road and Bridge act, authorizing an additional road and bridge tax, contemplates that a contingency, in the nature of a casualty, accident or chance, shall exist which requires the additional levy, and does not authorize such levy for ordinary and current expenses.

2. SAME—*natural deterioration of roads and bridges not a contingency.* Natural deterioration of roads and bridges through use and gradual decay is a certainty and not a contingency, and hence a certificate stating that an additional road and bridge tax is needed because "many of the bridges are becoming unsafe in said township and will have to be repaired and rebuilt," does not state a contingency which will authorize the levy.

3. SAME—*contingency defined.* A contingency, such as is contemplated by section 14 of the Road and Bridge act, is an uncertain or doubtful event which is in the nature of a casualty or accident, which has resulted from an agency the operation of which was so uncertain as to render the happening of such contingency incapable of prediction.

APPEAL from the County Court of Fayette county; the Hon. JOHN H. WEBB, Judge, presiding.

WILL P. WALKER, State's Attorney, E. B. SPURGEON, and ALBERT & MATHENY, for appellant.

WILSON, WARREN & CHILD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the year 1906 the commissioners of highways of the town of Hurricane, in Fayette county, certified to the board of town auditors and assessor of said town that a greater levy than sixty cents on each $100 of the property in said

town was needed for road and bridge purposes, and that such additional levy should be forty cents on each $100 of the property in said town. The board of town auditors and assessor gave their consent, in writing, to such additional levy and the same was included in the road and bridge tax of the town. The appellee, Toledo, St. Louis and Western Railroad Company, paid the tax of sixty cents on each $100 of its property, and upon application of the county collector for judgment against its lands and right of way, filed an objection to the additional levy of forty cents on each $100 of its property. The county court sustained the objection and refused judgment. From the decision of the county court this appeal was prosecuted.

The town of Hurricane is under the cash system, and the additional tax purported to be levied by virtue of section 14 of the act in regard to roads and bridges in counties under township organization, as amended in 1903. (Laws of 1903, p. 303.) The certificate of the commissioners was as follows:

"State of Illinois, ⎱
 Fayette County, ⎰ ss.   Board of Commissioners of Highways
Town of Hurricane.     of the Town of Hurricane.

"It is hereby certified to the board of town auditors and assessors of the town of ·Hurricane that it is the opinion of the commissioners of highways of the said town that a greater levy than sixty cents on each $100 of the property in said town is needed in said town for road and bridge purposes, etc., in view of the contingency, viz., many of the bridges are becoming unsafe in said township and will have to be repaired and rebuilt, and we ask for said extra levy to repair and build said bridges new where needed, and that such additional levy should be forty cents on'each $100 of the property in said town. ·

"Given under our hands this fourth day of September, 1906.
          W. C. Fouts,
          A. H. Sanders,
          T. J. Whitten,
    Comrs. of Highways of the Town of Hurricane."

Section 14, above referred to, provides that if in the opinion of the commissioners a greater levy than sixty cents

on each $100 is needed in view of some contingency, they
may certify same to the town auditors and the assessor, a
majority of whom shall be a quorum, and with the consent
of a majority of this entire board, given in writing, an
additional forty cents on the $100 of property may be lev-
ied. That section has been under consideration in a num-
ber of cases. (*People* v. *Cincinnati, Indianapolis and West-
ern Railway Co.* 213 Ill. 503; *St. Louis, Alton and Terre
Haute Railroad Co.* v. *People,* 224 id. 155; *Toledo, St. Louis
and Western Railroad Co.* v. *People,* 226 id. 557.) In those
cases we construed the section as contemplating that a con-
tingency shall exist which requires an additional levy; that
it does not authorize such additional levy for the ordinary
current expenses of the township in the care of roads and
bridges, but that if a contingency has arisen which makes an
additional levy necessary the commissioners may certify that
fact, together with a statement showing what the contin-
gency is, so that the board of auditors and assessor may
exercise a discretion and give or withhold consent to the ad-
ditional levy asked for. If the certificate is made and a ma-
jority of the entire board consent, in writing, an additional
levy not exceeding forty cents on the $100 may be made.

The supposed contingency mentioned in the certificate
of the commissioners in this case was, that "many of the
bridges are becoming unsafe in said township and will have
to be repaired and rebuilt," and the purpose for which the
commissioners proposed to use the extra levy was to repair
and build said bridges new where needed. The condition
of the bridges stated was not a present condition, but a pro-
gressive future condition not due to any contingency. That
bridges will become unsafe and will have to be repaired and
rebuilt on account of gradual decay and deterioration by
use is a certainty, and is not of the nature of a contingency
which authorizes an additional levy. A contingency has the
element of uncertainty and doubt, and is defined as an event
which is possible but which may or may not occur. It is in

the nature of a casualty, accident or chance, and results from an agency the operation of which is uncertain. It is dependent upon a possibility and on causes which are undetermined or unknown. (Webster's Dict.; Standard Dict.; 9 Cyc. 72; 7 Am. & Eng. Ency. of Law,—2d ed.—80.) It is, perhaps, not strictly accurate to say that the statute requires an extraordinary or unusual contingency, since every contingency is uncertain and its happening cannot be predicted, but it is essential that there should be some contingency which requires the additional levy. The condition stated in the certificate is one of the ordinary and usual incidents of the existence and use of bridges for travel. The certificate did not authorize the levy, and the county court did not err in sustaining the objection.

The judgment is affirmed.        *Judgment affirmed.*