THE PEOPLE ex rel. Dan Lee, County Collector, Appellee, vs. THE CINCINNATI, LAFAYETTE AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*when additional tax cannot be levied for repairing bridges.* The repair of bridges is included in the ordinary road and bridge purposes, and an additional tax cannot be levied, under section 14 of the Road and Bridge act, for "repairing bridges" unless the certificate shows such repairs have been necessitated by some contingency such as is contemplated by the statute.

2. SAME—*levy of county tax for "building and incidental expenses" is invalid.* A levy of a county tax for "building and incidental expenses" is not in compliance with statute and is invalid.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (L. J. HACKNEY, of counsel,) for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by the Cincinnati, Lafayette and Chicago Railway Company from a judgment of the county court of Kankakee county overruling its objections to certain taxes levied and extended against it and rendering judgment for said taxes. One of said objections was to road and bridge taxes for the town of St. Anne. A levy of sixty cents on the $100 was made by the commissioners of said township "for road and bridge purposes and for the payment of outstanding orders drawn on our treasurer for the year 1906." Said commissioners further certified to the board of town auditors and assessor that they also required twenty cents on each $100 valuation "for the purpose of repairing bridges." It was to this additional tax of twenty cents on the $100 that appellant objected.

Section 14 of chapter 121, Hurd's Statutes of 1905, authorizes an additional levy to the sixty cents only "in view of some contingency." That a contingency exists, and what it is, must be stated in the certificate of the commissioners in order to make the tax levy valid. (*St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 Ill. 155; *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 id. 557.) A tax for repairing bridges is included in the tax for road and bridge purposes, unless such repairs are made necessary by some contingency. (*People* v. *Toledo, St. Louis and Western Railroad Co. ante,* p. 125; *Toledo, St. Louis and Western Railroad Co.* v. *People, supra.*) If the additional levy is needed for any such contingency the certificate must so state. Nothing is contained in the certificate here from which it appears the additional levy was not wanted for the ordinary road and bridge purposes for which the sixty cents on the $100, the maximum amount authorized by law, was levied, and the court should have sustained appellant's objection to said tax.

In the levy of taxes for county purposes by the board of supervisors was an item of $11,000 "for building and incidental expenses." Appellant objected to judgment against it for this tax on the ground that it was not in compliance with section 121 of the Revenue act, which requires that where taxes are levied for several purposes the amount for each purpose shall be stated separately. A county tax levy for "building and incidental expenses" was held invalid in *People* v. *Kankakee and Southwestern Railroad Co.* (*ante,* p. 109.) The court erred in not sustaining the appellant's objection to judgment being rendered against it for the county taxes.

The judgment of the county court is reversed and the cause remanded, with directions to that court to sustain appellant's objections.    *Reversed and remanded.*