THE PEOPLE *ex rel.* Dan Lee, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

TAXES—*certificate for additional road tax should state the contingency.* The certificate of the highway commissioners for an additional road and bridge tax to meet some "contingency," under section 14 of the Road and Bridge act of 1901, should state the contingency necessitating the tax with particularity, and it is not sufficient to state merely that the additional levy is required in the words, "for the purpose of repairing bridges.—See section 14 of Road and Bridge law of 1901."

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the June term, 1907, of the Kankakee county court judgment was rendered against appellant for certain taxes. As to so much of the judgment as referred to the twenty cents allowed for road and bridge taxes of the town of

St. Anne over and above the sixty cents allowed under section 13 of the Road and Bridge act, amounting to $118.40, besides penalties and costs, appellant excepted and prayed an appeal to this court.

Section 14 of the Road and Bridge act (Hurd's Stat. 1905, p. 1724,) provides that "if, in the opinion of the commissioners, a greater levy is needed" than is provided for under section 13 of the act, "in view of some contingency," then, if proper action be taken, an additional levy may be made. The certificate of the highway commissioners in this case sets forth that, in addition to the sixty cents on each $100 under section 13, "we also require the rate of twenty cents on each $100 valuation for the purpose of repairing bridges.—See section 14 of Road and Bridge law of 1901." Neither this certificate nor that of the auditors and assessor sets forth that there is any contingency, except in so far as might be inferred from the reference to section 14. The purpose stated for requiring the additional levy, for "repairing bridges," might or might not be a contingency. Road bridges ordinarily have to be repaired every year, and the word "contingency," as here used, must be something out of the ordinary. The certificate must set out the contingency. While the commissioners of highways are made the judges of the contingency, (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 223 Ill. 17,) the nature of the contingency calling for the additional levy should be plainly stated in the certificate with sufficient particularity to enable the board of auditors and assessor to determine whether the purpose is within the provisions of said section 14. The reasons for this construction have been fully set forth by this court in *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, *St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 id. 155, *Chicago, Indianapolis and St. Louis Railway Co.* v. *People,* 225 id. 519, and *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 id. 557, and their repetition here is unnecessary.

The question raised by appellee as to the right of appellant to file objections to the tax levy against appellant by the village board of Grant Park in the same series of objections with those raising the validity of this road and bridge tax does not go to the merits of either tax but is purely one of practice in the trial court. It could only affect, in any event, the costs paid for filing the objections in that court, and on the record before us cannot be passed upon.

The certificate filed by the commissioners of highways for the additional levy of twenty cents for road and bridge tax of the town of St. Anne was not in compliance with the statute, and the objection should have been sustained by the county court as to said amount of $118.40.

The judgment of the county court is therefore reversed and the cause remanded, with directions to said court to sustain appellant's objection as to this amount.

*Reversed and remanded, with directions.*