THE PEOPLE ex rel. William L. O'Connell, County Collector, Appellee, vs. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*highway commissioners' certificate must state what the contingency is requiring additional road tax.* To authorize an additional road tax under section 14 of the Roads and Bridges act the highway commissioners' certificate must state that the tax is required for a contingency and must state what the contingency is.

2. SAME—*what is not a contingency authorizing an additional road tax.* The "contingency" contemplated by section 14 of the Roads and Bridges act is some unusual or extraordinary event that does not happen regularly in the ordinary course of events, and a certificate stating that an additional tax is needed "in view of the contingency and emergency" that two certain roads, one mile in length, "need to be stoned and macadamed and certain bridges repaired and certain culverts constructed," does not show such a contingency as is contemplated.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

ROBERT DUNLAP, LEE F. ENGLISH, and JAMES L. COLEMAN, for appellant.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The collector of taxes for Cook county made application for judgment to the county court for $142.46 delinquent taxes levied upon the property of the Atchison, Topeka and Santa Fe Railway Company. Objections were filed by the railroad company to the rendition of judgment for this tax, which was levied under section 14 of chapter 121 of the Revised Statutes as an additional tax for roads and bridges in the town of Stickney, in said county. The tax was levied in pursuance of a certificate of the commissioners of highways made to the board of town auditors and the assessor of said town, which purported to state a contingency and emergency that would authorize an addi-

tional levy for roads and bridges in said township under section 14 of the Road and Bridge act. The certificate of the board of commissioners of highways stated that said additional tax was needed "in view of the contingency and emergency that certain roads in said town, to-wit, one mile of Seventy-ninth street and one mile of Fifty-fifth street, are impassable and need to be stoned and macadamed and certain bridges repaired and certain culverts constructed." Under this certificate the board of town auditors of said town gave their consent to the levy of the tax which is objected to by appellant.

The question presented by the objection to this tax has been before this court and passed on so frequently in the last few years that it would seem to be unnecessary to enter into a reconsideration of the proper construction to be given to sections 13 and 14 of the Road and Bridge law. It has been established by numerous decisions that in order to authorize an additional levy under section 14 of said act the certificate of the commissioners of highways must state that the tax is needed to meet a "contingency" and that the certificate must state what such contingency is. (*St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 Ill. 155; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 231 id. 438; *People* v. *Lake Erie and Western Railroad Co.* 248 id. 32.) A "contingency," under section 14 of the Road and Bridge law, must be some unusual or extraordinary event which does not happen regularly in the ordinary course of events. (*People* v. *Kankakee and Southwestern Railroad Co.* 237 Ill. 362; *People* v. *Elgin, Joliet and Eastern Railway Co.* 243 id. 546; *People* v. *Lake Erie and Western Railroad Co. supra.*) The certificate of the commissioners of highways in the case at bar fails to state a contingency within the meaning of the statute.

The county court erred in overruling appellant's objection, for which the judgment must be reversed.

*Judgment reversed.*